UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DURAND EDWARD MURRELL )
a/k/a RASHEED MALIK MOORESE EL )
                                                               )
     Plaintiff, )         Civil Action No. 3:21-CV-247-CHB
                                                               )
v. )
                                                               )
CRAIG AND LANDRETH CARS *et al.*, )         **MEMORANDUM OPINION**
                                                               )
     Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Durand Edward Murrell, also known as Rasheed Malik Moorese El, filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening of the complaint under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I.

Plaintiff initiated this action by filing a non-prisoner complaint form for the violation of civil rights. He indicates that he resides in Louisville, Kentucky. Plaintiff sues Craig and Landreth Cars of Louisville, Kentucky, and Santander Consumer USA of Dallas, Texas. In the complaint, Plaintiff indicates that he brings this action pursuant to 18 U.S.C. § 371, 18 U.S.C. § 1341, and "18 U.S.C. CH. 41." In the remaining sections of the complaint form, including the "Statement of the Claim," "Injuries," and "Relief" sections, he refers the Court to an attachment to the complaint.

The one-page attachment is titled "OFFICIAL COVER LETTER: MANDATORY ACCEPTANCE: USC TITLE 28 sec. 1746: NOTICE OF ACTION IN UNITED STATES

FEDERAL DISTRICT COURT precluding all action by inferior courts.  ALL violations pursued at 300K USD per + day until cured."  It then states: "Re: Nonconsensual and unaccepted solicits and extortions of commerce and theft via fraudulent ACCOUNT/DEAL . . . NOTICE OF LIEN AND SUIT IN UNITED STATES FEDERAL COURT.  15 USC SS 2306."  It further states that all "replies" should be sent to an address in Texas, "IN CARE OF: SUPREME DIVINE MINISTER OF FOREIGN AFFAIRS; OR AUTHORIZED AGENT OF: THE HOLY ROYAL HIGH SUCH PRINCE P. ARNOLD BEY I, AL ANIYUNWIYA NATIONAL MUURISH REPUBLIC ROYAL APOSTILLE, AMBASSADOR, ET AL."  The attachment concludes with a "NOTICE OF FOREIGN JURISDICTION" which states: "The BEARER OF THIS NOTICE has been duly notified to the Department of State pursuant to international law and enjoys immunity from criminal and civil jurisdiction, arrest and detention."

Plaintiff also filed an "Affidavit of Truth" [R. 5].  In this document, Plaintiff states as follows:

> On the 05th day of February, 2021.  I applied for automobile financing with Craig and Landreth Cars and was approved.  I was then presented with the 2016 Ford Taurus . . . and agreed to give the dealer $200 down and I signed a promissory note with the dealer. . . .  I left in full possession of all documents relating to the purchase of said automobile, Promissory Note, buyer's Order, etc. . . .  About a week later after everything was complete Craig and Landreth Cars called saying they overcharged me for taxes and they wanted me to come in to resign documents that I had already signed.  The promissory note I signed was with the dealer, Craig and Landreth Cars, I never consented to any financing or selling of this note, aka, promissory note to anyone else.  I am well aware this Auto was "paid" for with said promissory note and intended that exact transaction.  I am in FULL SUBSTANTIAL RIGHT AND POSSESSION of said Auto and am being harassed by said Dealer to bring the Auto back.  This constitutes FRAUD, NONDISCLOSURE, MISPRESENTATION OF FACTS, EXTORTION, ET AL.
>
> [I] am damaged, injured, and under threat and harassment at this time from defendants and come now in sovereign and substantial capacity as an Indigenous and National Creditor attached to this American Land and all derivatives; instructing this venue to issue criminal and civil warrants on defendants, as well as IMMEDIATE & EMERGENT ORDER OF ESTOPPEL ON AL DEFENDANTS,

ET AL, of any harassments, attempted payment collections, contacts, attempted repossession of said Auto, liens on myself or Auto, warrants, agreements, et al; in lieu of this filing and clear fraud and misrepresentations of Facts & disclosures by all defendants.

I instruct by obligation of Constitutional Oath this venue award said Estoppel and any and all recoveries of my damages sought. I am suing for clear Title recognized possession of my Auto as well as Money Damages at $10k per day per violation until TOTALITY of violations and case subject matter has cured.

## II.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

Plaintiff has failed to meet his burden. For instance, 28 U.S.C. § 1332, the diversity-of-citizenship statute, provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Under this statute, there must be "complete diversity between the plaintiffs and defendants, *i.e.*, 'diversity jurisdiction does not

exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). According to the complaint, Plaintiff is a citizen of Kentucky, and Defendant Craig and Landreth Cars is in Kentucky. Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As mentioned above, Plaintiff indicates on the complaint form that he brings this action pursuant to 18 U.S.C. § 1341, 18 U.S.C. § 371, and "18 U.S.C. CH. 41." The first two statutes Plaintiff cites are federal criminal statutes.[1] However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). A "private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested

---

[1] The Court cannot discern what "18 U.S.C. CH. 41" references.

exclusively in the executive branch."). Thus, Plaintiff cannot establish federal subject-matter jurisdiction by citing to these statutes.

### III.

For these reasons, the Court will dismiss this action under Rule 12(h)(3) for lack of subject-matter jurisdiction.[2]

This the 10th day of May, 2021.

*[signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
A958.011

---

[2] Although not necessary to its analysis, the Court additionally observes that Plaintiff appears to be asserting some form of "sovereign citizenship" claims against Defendants. "Adherents of such claims or defenses 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *United States v. Alexio*, CR Nos. 13-01017 JMS, 13-01018 JMS, 2015 U.S. LEXIS 86755, at *4-5 (D. Haw. July 2, 2015) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). Courts routinely reject "sovereign citizen" arguments as "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion[.]'" *United States v. McQuarters*, No. 11-MC-51386, 2013 U.S. Dist. LEXIS 165189, at *5 (E.D. Mich. Nov. 20, 2013) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). "Claims premised on sovereign citizen theories may be dismissed without 'extended argument.'" *Payne v. Klida*, No. 15-CV-14127, 2016 U.S. Dist. LEXIS 14968, at *12 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016) (quoting *United States v. Ward*, 183 F.3d 930 (9th Cir. 1999)).